## Murdoch *v.* Pittsburgh, Appellant.

*Municipalities — Second class city — Highway — Road law — Widening street—Location of street—Ordinances—Act of March 19, 1903, P. L. 35—Equity—Injunction.*

1. While a city of the second class has the authority to take private property for street purposes, it cannot by ordinance locate

a new street over an existing and traveled thoroughfare, or provide for the widening and improving of public streets under the guise of extending another street. When the city intends to widen a street it must proceed under the Act of March 19, 1903, P. L. 35, which provides for the "laying out, opening, widening, straightening, extending and vacating streets and alleys" in cities of the second class.

2. Where an ordinance of a city of the second class provides for the extending, opening and widening of a certain 60-foot wide street and the extension of such street, after passing over private property, would embrace and include two existing and traveled streets, one sixty feet and the other forty feet wide, and an established 20-foot wide alley, and the ordinance contains nothing in the title or body thereof to put the property owners on the line of such streets upon notice of the proposed extension, such ordinance is invalid, and the extension of the street under the authority of such ordinance will be enjoined at the instance of a property owner.

Argued Nov. 6, 1913. Appeal, No. 268, Oct. T., 1913, by defendants, from decree of C. P. Allegheny Co., July T., 1913, No. 254, granting an injunction in case of Alexander Murdoch v. City of Pittsburgh, a Municipal Corporation, William A. Magee, Mayor of said City, and Joseph G. Armstrong, Director of the Department of Public Works of said City. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction restraining defendant from opening and improving a certain street under an ordinance alleged to be invalid. FRAZER, P. J., filed the following findings of fact and conclusions of law:

The purpose of this bill was to restrain defendants from proceeding to open, grade and pave an extension of Hamilton avenue between Fifth avenue and Lambert street. From the bill, answer and proofs we find the following:

### FINDINGS OF FACT.

1. Plaintiff is a citizen of defendant city and the owner of property abutting on Louden street in the

Twelfth ward of defendant city which is fully described in paragraph one of the bill.

2. The City of Pittsburgh is a city of the second class, William A. Magee its duly elected, qualified and acting mayor, and Joseph G. Armstrong its director of the department of public works.

3. By an ordinance entitled "An Ordinance extending, opening and widening Hamilton avenue from Fifth avenue to Lambert street, establishing the grade thereof, and providing that the cost, damages and expenses occasioned thereby be assessed against and collected from properties benefited thereby," approved December 9, 1912, it was provided that Hamilton avenue be extended from Fifth avenue to Lambert street and its width fixed at sixty feet.

4. Hamilton avenue as now open and used is a paved, graded and curbed street, sixty feet in width, and extends from Fifth avenue eastwardly to the city line. The ordinance referred to in the preceding finding proposes to extend this avenue west, at a uniform width of sixty feet, from Fifth avenue to Lambert street. In making such extension the new street will first pass over private property until it reaches the Finley Torrens plan of lots, from which point to Torrens street it embraces and includes an opened and existing public street having a width of sixty feet, laid out in the Torrens plan of lots, which plan has been accepted and adopted by the City of Pittsburgh. From Torrens street to Ritchey alley private property is again taken; from Ritchey alley to the eastern line of James M. Snyder's plan of lots the proposed extension embraces and over-laps the entire length of Louden street, a street forty feet wide laid out in a plan of partition in the estate of Dr. A. C. Murdock on file at No. 3 March Term, 1875, of the Orphans' Court in partition, "and which street is claimed by the City of Pittsburgh to be an open, existing, traveled public street"; from the western line of the Murdock Plan, being the eastern line of James M. Snyder Plan which is

recorded in the recorder's office of Allegheny County in Plan Book Vol. 5, page 143, the proposed extension passes through the Snyder plan of lots to Enterprise street and embraces and over-laps an open and used public alley twenty feet in width; and from Enterprise street to Lambert street through private property. The improvement contemplates the widening of Louden street from forty feet to sixty feet, and the alley in the Snyder Plan from twenty feet to sixty feet, and the absorbing of the street sixty feet wide in the Torrens Plan.

5. In addition to the ordinance referred to in the third finding of fact, an ordinance "authorizing and directing the grading, paving and curbing of Hamilton avenue from Lambert street to Fifth avenue and providing that the costs, damages and expenses of the same be assessed against and collected from property specially benefited thereby," approved February 13, 1913, was offered in evidence, which ordinance authorizes and directs the mayor and the director of the department of public works to advertise for proposals for the grading, paving and curbing of the extension of Hamilton avenue between Fifth avenue and Lambert street.

6. The ordinance dated December 9, 1912, was enacted by council of the City of Pittsburgh on its own initiative, without a petition of property holders. Viewers were appointed by the court to assess benefits and damages resulting to property owners by reason of the extension of Hamilton avenue under the ordinance of December 9, 1912. The viewers proceeded with their work, and on April 18, 1913, filed their report in court.

7. Defendants are about to take possession of the ground included within the lines of the proposed extension and proceed to complete the improvement contemplated by the ordinances above referred to.

8. Neither of the ordinances referred to in the preceding findings of fact contains, either in the title or the body of the ordinances, any reference whatever to the fact that the proposed extension of Hamilton avenue

includes, absorbs or overlaps any other public street or alley.

### CONCLUSIONS OF LAW.

This case is similar in principle to Hawkins v. Pittsburgh, 220 Pa. 7, and City Improvement Company v. Pittsburgh, 234 Pa. 486, and is ruled by those cases. It is admitted that in making the extension of Hamilton avenue according to the lines laid down in the ordinances referred to in the findings of fact, that in addition to the private property taken a public street sixty feet in width is used as part of the new street; that a street forty feet wide is included within its limits, and that street widened to sixty feet; and also that a public alley twenty feet wide is absorbed and widened to sixty feet. While the city undoubtedly has authority to take private property for street purposes, we have not been referred to any law that directly permits the location of a new street over an existing and traveled thoroughfare. If the streets and alley included within the lines of the extension were merely private ways they might be appropriated as private property under the law as it now exists, but being public thoroughfares they are subject to the laws relating to streets and can only be vacated, widened or straightened in the manner provided by the acts of assembly applicable thereto. In this case the proposed extension of Hamilton avenue, by in part occupying longitudinally Louden street and the unnamed alley, is by the terms of the ordinances merely a widening of those thoroughfares. The Act of March 19, 1903, P. L. 35, is "in relation to the laying out, opening, widening, straightening, extending and vacating streets and alleys" in cities of the second class, and provides the manner of making such improvements. The procedure therein laid down must be followed. The ordinances in this case provide for the widening and improving of at least two public thoroughfares under the guise of extending another highway. This procedure the law in our

opinion does not authorize. The case of the City Improvement Company v. Pittsburgh, 234 Pa. 486, grew out of an ordinance passed in 1891, by the terms of which Hamilton avenue was extended over the same private property and public streets over which it is now proposed to extend it, except that the proposed extension now stops at Lambert street instead of continuing to Frankstown avenue as intended in the earlier ordinance. In that case Hawkins v. City of Pittsburgh, 220 Pa. 7, was cited and referred to as controlling the question then before the court. In the Hawkins case the municipality attempted to provide for the widening of Virgin alley between Smithfield and Grant streets by re-locating the north line of the alley twenty-four feet north of its then north line. The court held the ordinance to be illegal for the reason that it was an attempt to widen an alley, and further that widening proceedings must be had under the Act of March 19, 1903, P. L. 35, which provides for such improvements. In the City Improvement case it was held that the ordinance relocating Hamilton avenue was ruled by Hawkins v. Pittsburgh, 220 Pa. 7, and that the ordinances of 1891 and 1903 were void, the court among other things saying: "The proceeding in the case in hand was to locate Hamilton avenue and relocate the western end of it. The ordinances dealt with the subject as a new street and as though the avenue was located on ground not occupied by other streets or alleys; they ignored the conceded fact that within the lines of the avenue as located there were an existing public street and a public alley. The street and the alley connect, and are about 700 or 800 feet in length. The street is forty feet wide and the alley twenty feet wide. The ordinances provide that Hamilton avenue shall be located sixty feet wide, thereby widening the street twenty feet and the alley forty feet. The avenue was located twenty years ago, and many years prior thereto and during that time the street and alley within its limits were opened, existing and traveled public thor-

oughfares. The facts in this case bring it clearly within Hawkins v. Pittsburgh, 220 Pa. 7."

The fact that the Hawkins case related solely to Virgin alley while this case includes three thoroughfares and private property is immaterial; the principle is the same. Nor does it change the situation to say that the two streets can be widened and the new street made more economically by extending Hamilton avenue than by making the improvement by piecemeal. "The legislature as yet has not thought proper to permit a city to widen its streets by a proceeding instituted for the purpose of locating or relocating them, and it is not the function of the court to supply what the legislative branch of the government has withheld. If, therefore, the city desires to exercise the powers which it invokes in the present case it must obtain it from the legislature": City Improvement Company v. Pittsburgh, 234 Pa. 486.

Another objection that might properly be given as indicating the invalidity of the ordinances referred to is the fact that neither of them refers to the streets already in existence over which the extension of Hamilton avenue is laid. There is nothing contained in the title of the ordinances to put the owners of property upon the line of those streets upon notice of the proposed extension. This notice we think should be contained in the title, or at least the body of the ordinances. Following the cases cited above, we are of opinion that the ordinances relied upon by the defendant are not sufficient to warrant the opening and improvement of the extension of Hamilton avenue, and that the preliminary injunction heretofore granted should be made permanent.

The court dismissed defendant's exceptions to the findings of fact and conclusions of law of the trial judge and awarded an injunction restraining the defendants from opening, grading or otherwise improving Hamilton avenue as set out and described in the ordinance in question. Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*Lee C. Beatty,* with him *Charles A. O'Brien,* for appellants.

*J. M. Shields,* with him *W. B. Rogers,* for appellee.

PER CURIAM, January 5, 1914:

The decree is affirmed on the findings of fact and conclusions of law by the learned president judge of the Common Pleas.